UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVATE AMERICA, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>LLOYD'S SYNDICATE 1458,<br><br>                      Defendant. | Case No.: 19CV1456-GPC-WVG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM AND VACATING HEARING DATE**<br><br>**[ECF No. 26]** |

      Before the Court is Defendant's motion for leave to file an amended answer and counterclaim pursuant to Fed. R. Civ. P. ("Rule") 15(a). ECF No. 26. Plaintiff has filed a statement of non-opposition. ECF No. 27.[1] The Court finds this motion appropriate for judgment without oral argument pursuant to Local Rule 7.1.[2]

---

[1] Plaintiff alleges that Defendant's proposed counter-claims are futile in light of the Court's prior order (ECF No. 16) and the lack of legal merit, but "appreciates the preference in this jurisdiction to deal with such issues post-pleading" and therefore will not oppose the motion. ECF No. 27 at 2.

[2] Defendant filed the motion on March 27, 2020 listing the hearing date of April 24, 2020 without calling Chambers to request the hearing date in contravention of Local Rule 7.1. Defendant also filed this amended pleading on March 27, 2020 without "a version of the proposed amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how proposed amended pleading differs from the operative pleading" in contravention of Local Rule

1

### I. Procedural Background

Plaintiff filed the Complaint, alleging for breach of contract, bad faith, and declaratory relief, on August 2, 2019. ECF No. 1. Defendant filed a motion to dismiss on September 30, 2019. ECF No. 10. The Court denied Defendant's motion on December 10, 2019. ECF No. 16. Defendant subsequently filed an Answer to the Complaint on January 9, 2020. ECF No. 18. On February 28, 2020, the Court entered a scheduling order setting March 27, 2020 as the deadline for "any motion to join other parties, to amend the pleadings, or to file additional pleadings." ECF No. 22. On March 27, 2020, Defendant filed this instant motion to amend. ECF No. 26.

### II. Factual Background

Renovate is a Delaware corporation with its headquarters in San Diego, California. ECF No. 1 ("Complaint") ¶ 5. Renovate provides services for homeowners, including the administration of residential Property Assessed Clean Energy programs for government entities under the Home Energy Renovation Opportunity ("HERO") program. *Id*. ¶¶ 5, 10. As part of its insurance portfolio, Renovate maintains a professional liability insurance covering liabilities that it may face based on its administration of loan programs. *Id*. ¶ 11. Lloyd's, through its agent Euclid, issued the relevant professional liability policy to Lloyd's with a policy period of at least May 27, 2017 to May 27, 2018 (the "Policy"). *Id*. ¶ 12.

Between January of 2018 and April of 2018, Renovate was served in two separate lawsuits in California state court (the "Underlying Actions"): *All Pro Installation v. Claude Rowe et al*., Case No. 37-2016-00042327, California Superior Court, County of San Diego (the "*Rowe* Action") and *Reginald Nemore et al. v. Renovate America, Inc.*,

---

15.1. After prompting from the Court on April 7, 2020, Defendant filed a redline on April 9, 2020. ECF No. 28. The Court directs Defendant to closely review and adhere to applicable Local Rules and Chambers Procedures for any future filings.

Case No. BC701810, California Superior Court of California, County of Los Angeles (the "*Nemore* Action"). *Id*. ¶¶ 18, 19.

### III.  Discussion

Defendant seeks to add a counterclaim for declaratory relief stating (1) that certain of the underlying claims are barred from coverage; (2) an allocation of amounts incurred in the underlying claims between covered and non-covered parties; (3) that Plaintiff's alleged breach and/or failure to comply with the Policy's consent and reasonableness provision precludes coverage; and (4) that Plaintiff's alleged breach of the Policy's cooperation provision bars coverage.

Rule 15(a) provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15.  When deciding a motion to for leave to amend under Rule 15(a)(2), this District and the Ninth Circuit consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the party has previously amended its pleadings. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff does not oppose the proposed amendment.  Further, the motion for leave to amend the Answer in order to include the proposed counterclaim was timely filed and there is no apparent prejudice to the opposing party.  Defendant has not previously amended its Answer.  As such, the Court finds good cause to permit Defendant's proposed amendment to include the counterclaim.  The motion for leave to file an amended answer and counterclaim is hereby **GRANTED**.  The hearing date of April 24, 2020 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  April 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge