# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVATE AMERICA, INC., | CASE NO. 19-CV-1456-GPC(WVG) |
| Plaintiff, | ORDER ON DISCOVERY DISPUTE REGARDING DEFENDANT'S PRIVILEGE LOG |
| v. | |
| LLOYD'S SYNDICATE 1458; | |
| Defendant. | |

The Court previously resolved a discovery dispute by ordering Defendant to produce non-privileged documents involving attorney Margolies. (*See generally* Doc. No. 46.) Defendant proceeded to do so, but withheld certain documents based on privilege and memorialized these documents on a privilege log. Plaintiff originally disputed three of these entries, but later withdrew two of the objections. Plaintiff now requests that the Court view the withheld document *in camera* to verify it is being properly withheld. However, the Court finds the privilege log is facially sufficient and declines to view the disputed document *in camera*.

## I.  LEGAL STANDARD

In *United States v. Zolin*, the Supreme Court held that a court may conduct an *in camera* review of privileged materials to determine whether the crime-fraud

exception applies and established a two-step analysis for determining whether *in camera* review is appropriate. First, the party seeking *in camera* review must make a minimal showing that the crime-fraud exception could apply to the privileged materials. *United States v. Zolin*, 491 U.S. 554, 572 (1989). If this initial hurdle is overcome, then the district court has the discretion to conduct an *in camera* review. *Id.* This discretionary decision turns on "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." *Id.*

In *In re Grand Jury Investigation*, the Ninth Circuit held that the two-step *Zolin* process "applies equally well when a party seeks in camera review to contest assertions of [] privilege." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). Thus, "[t]o empower the district court to review the disputed materials *in camera*, the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court . . . guided by the factors enumerated in *Zolin*." *Id.* at 1075.

## II.  DISCUSSION

The disputed document, identified as UW001869-1870, is a partially redacted two-page email chain involving attorney Margolies and several other individuals who Plaintiff describes as non-attorneys involved in the insurance business. Plaintiff contends the inclusion of these individuals, coupled with the Court's prior finding that Margolies's primary function was that of a claim's adjuster rather than an

attorney, casts suspicion on the claim of privilege.[1] However, the Court finds the privilege log, as amended, is facially sufficient.

Federal Rule of Civil Procedure 26 requires the party withholding privilege information to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

Here, the privilege log initially described the basis for withholding as "[e]mail communications between Underwriters' outside counsel, Underwriters, and Euclid reflecting legal advice, opinion, and analysis as to coverage litigation." Defendant later amended the log to state (additions emphasized): "Email communications between Underwriters' outside counsel, Underwriters, and Euclid reflecting legal advice, opinion, and analysis as to *strategy for* coverage litigation *and resolution strategy*." The Court finds the latter is facially sufficient for several reasons. First, it is a detailed, non-generic statement that is specific to the document.

Second, although the Court previously found that Margolies's primary role was that of a claims adjuster, that does not mean she acted solely as a claims adjuster. Indeed, she also participated in the Early Neutral Evaluation of this case and engaged in settlement discussions. In doing so, she drew upon her legal training and assisted in advising Defendant regarding settlement. Thus, it is not beyond reason that although her primary role was that of a claims adjuster, she also at times advised non-attorney business persons about this litigation and that the documents containing those communications would be privileged. Indeed, the Court's prior Order acknowledged such a possibility and allowed for non-production of privileged

---

[1] Defendant initially claimed only the attorney-client privilege, but amended the privilege log after the discovery conference to also add the work-product doctrine as a basis for withholding the email chain.

Margolies documents. The amended privilege log shows that document UW001869-1870 is one such document.

Finally, as Defendant acknowledged at the discovery conference, the Court's prior Order compelling the production of the Margolies documents was sternly worded and placed Defendant on notice that shenanigans would not be tolerated. Given this stern warning, it would be shocking if Defendant now improperly withheld documents.

The foregoing notwithstanding, even if the Court were to find that Plaintiff had met its burden here, the Court would nonetheless decline to exercise its discretion to conduct an *in camera* review. The Court continues to believe that attorneys will generally do the right thing and will generally provide them the benefit of the doubt. There is more reason to do so here given the Court's prior warning to Defendant, which should have inspired heightened caution when withholding Margolies's documents given that in camera review, discovery of shenanigans, and potential sanctions was a foreseeable possibility. As a result, the Court does not believe an *in camera* spot-check is necessary under the circumstances here.

### III.   CONCLUSION

The Court finds the privilege log is facially sufficient. Accordingly, the Court overrules Plaintiff's objections to the privilege log with respect to the withheld document.

IT IS SO ORDERED.

DATED: October 19, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge